**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| RICHARD MAX FLEMING, M.D., | No. 13-17230 |
| Plaintiff - Appellant, | D.C. No. 3:13-cv-00154-MMD-VPC |
| v. | |
| UNITED STATES OF AMERICA, | MEMORANDUM[*] |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the District of Nevada
Miranda M. Du, District Judge, Presiding

Submitted September 21, 2015[**]

Before:    REINHARDT, LEAVY, and BERZON, Circuit Judges.

Richard Max Fleming, M.D., appeals pro se from the district court's

judgment dismissing his action under the International Covenant on Civil and

Political Rights ("ICCPR") seeking damages for the loss of his medical license as a

result of his felony conviction.  We have jurisdiction under 28 U.S.C. § 1291.  We

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

review de novo a dismissal under Fed. R. Civ. P. 12(b)(6). *Hebbe v. Pliler*, 627 F.3d 338, 341 (9th Cir. 2010). We may affirm on any basis supported by the record. *Hartmann v. Cal. Dep't of Corr. & Rehab.*, 707 F.3d 1114, 1121 (9th Cir. 2013). We affirm.

The district court properly dismissed Fleming's action because the ICCPR does not create enforceable obligations in federal courts. *See Serra v. Lappin*, 600 F.3d 1191, 1197 (9th Cir. 2010) (concluding that the ICCPR "was ratified on the express understanding that it was not self-executing and so did not itself create obligations enforceable in the federal courts" (citation and internal quotation marks omitted)).

The district court did not abuse its discretion in denying Fleming's motions for entry of default and for default judgment. The United States responded timely to Fleming's complaint, and Fleming cannot "establish a claim or right to relief." Fed. R. Civ. P. 55(d); *see also* Fed. R. Civ. P. 12(a)(1)-(2) (explaining that the United States must file a responsive pleading within 60 days of "being served with the summons and complaint"); Fed. R. Civ. P. 55(a), (b); *Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986) (setting forth the standard of review and factors for determining whether to enter default judgment under Fed. R. Civ. P. 55).

We reject Fleming's contention that the United States consented to the

granting of his motion for summary judgment and that the United States acted in bad faith.

We do not consider arguments and allegations raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009) (per curiam).

Fleming's requests for default judgment and disciplinary action against defense counsel and defendant, set forth in his reply brief, are denied.

**AFFIRMED.**