# IN THE COURT OF APPEALS OF IOWA

No. 14-0975
Filed June 29, 2016

**RICHARD MAX FLEMING, M.D.,**
        Petitioner-Appellant,

**vs.**

**IOWA BOARD OF MEDICAL EXAMINERS,**
        Respondent-Appellee.
_____

        Appeal from the Iowa District Court for Polk County, D.J. Stovall, Judge.


        A physician appeals the district court's ruling on a petition for judicial review.  **AFFIRMED.**



        Richard M. Fleming, Studio City, California, appellant pro se.

        Thomas J. Miller, Attorney General, and Julie J. Bussanmas and Theresa M. O'Connell Weeg, Assistant Attorneys General, for appellee.


        Considered by Tabor, P.J., Bower, J., and Mahan, S.J.*

        *Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2015).

**MAHAN, Senior Judge.**

Richard Fleming, M.D., appeals the district court's ruling affirming a decision by the Iowa Board of Medical Examiners (Board) imposing discipline on his medical license. We affirm.

## I.    *Background Facts and Proceedings*

Fleming is a licensed Iowa physician and cardiologist who was practicing medicine in Omaha, Nebraska, when the events giving rise to this case occurred. In 2009, Fleming pled guilty in federal court to one count of health care fraud and one count of mail fraud. Because Fleming was convicted of a felony relating to the medical profession, the Board filed formal disciplinary charges against him. After Fleming unsuccessfully appealed his federal convictions, the Board issued its final decision in February 2012 outlining his penalty—pay a $10,000 civil penalty, attend a professional ethics course within sixty days, and attend a billing practices course within ninety days. The Board also placed his license on probation for five years. Fleming did not seek judicial review of that decision.

The Board subsequently filed a second set of charges against Fleming, claiming he had willfully or repeatedly violated a Board order because he had not completed the discipline requirements of its February 2012 decision. Following a hearing, the Board issued its final decision in September 2012, concluding Fleming had "fail[ed] to comply" with its February 2012 order. The Board indefinitely suspended his license until he complied with the requirements imposed in the February 2012 order. Fleming filed a request for rehearing and asked the Board to consider additional evidence; the Board denied his request,

finding it was an attempt "to relitigate matters related to his criminal conviction and such matters are not relevant to this case."

Fleming filed a petition for judicial review in the district court. The district court affirmed the Board's decision. Fleming appeals.

## II.    Standard of Review

We review for correction of errors of law on the part of the agency. *Glowacki v. Iowa Bd. of Med. Exam'rs*, 516 N.W.2d 881, 884 (Iowa 1994). We apply the standards of Iowa Code chapter 17A (2011) to determine whether the conclusions we reach are the same as those of the district court. *See Hill v. Fleetguard, Inc.*, 705 N.W.2d 665, 669 (Iowa 2005). We affirm if the conclusions are the same; otherwise we reverse. *Id.*

## III.    Discussion

Fleming raises a myriad of claims on appeal; however, none of his claims are relevant to the agency action on review. Specifically, Fleming challenges the district court's action striking his motions for summary judgment and associated filings and appendices, which he claims were relevant to show the Board "failed to substantially investigate this case," and the district court's failure to conclude the Board's "investigation was subpar." Fleming further contends the Board acted in "bad-faith with scienter" during its investigation and "intentionally omit[ted] facts and matters of law."

These claims are with regard to the Board and district court's "investigation" of Fleming's federal criminal conviction. Fleming pled guilty to health care fraud in federal court, and his subsequent appeal of his criminal

conviction and other attempts for relief were unsuccessful.[1] In light of Fleming's federal conviction of a felony relating to the medical profession, the Board filed charges—and ultimately entered a discipline order—against him. Fleming did not appeal the Board's decision. He also did not comply with it. The Board then filed a second set of charges against him for his "willful[] or repeated[] violat[ion of] a Board order," which culminated in a Board order suspending his license indefinitely until he complied with the discipline imposed in its February 2012 order.

On judicial review of that decision, Fleming focused his dispute on his federal criminal conviction and challenged the Board's investigation of that matter. The district court stated, "Petitioner failed to make arguments pertaining to the agency action at issue." Noting Fleming's admission that he had not paid the fine or taken the ethics and billings courses required by the Board's first order, the district court affirmed the Board's decision, concluding "substantial evidence support the Board's September 7, 2012 determination that Petitioner failed to comply with the February 9, 2012 Decision and Order."

We agree substantial evidence supports the Board's decision. We affirm the district court's ruling affirming the Board's decision imposing discipline on Fleming's medical license.

**AFFIRMED.**

---

[1] *See Fleming v. United States*, No. 3:13-CV-00154-MMD, 2013 WL 5838719, at *2-3 (D. Nev. Oct. 29, 2013), *aff'd*, 616 F. App'x 223 (9th Cir. 2015); *Fleming v. Wolfe*, No. 4:12CV3036, 2012 WL 1478794, at *1-2 (D. Neb. Apr. 27, 2012); *Fleming v. United States*, 755 F. Supp. 2d 1019, 1020 (D. Neb. 2010); *United States v. Fleming*, No. 4:07CR3005, 2009 WL 3271338, at *2-3 (D. Neb. Oct. 9, 2009).